## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 08-2519-CM |
| **UNION PACIFIC RAILROAD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM AND ORDER

On October 20, 2008, plaintiff Michael McKinzy filed this *pro se* civil rights action against defendant Union Pacific Railroad alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.; and 42 U.S.C. § 1981. (Doc. 1). On December 22, 2008, plaintiff filed a motion for summary judgment (Doc. 11). Defendant replied and filed a cross motion for summary judgment, to which plaintiff failed to respond (Docs. 26, 27). This court issued an order directing plaintiff to show cause why defendant's cross motion for summary judgment should not be granted pursuant to Local Rule 7.4, and to respond to defendant's motion. Plaintiff has failed to do either, and the court thus considers defendant's motion without the benefit of a response brief. For the reasons that follow, the court denies plaintiff's motion (Doc. 11), and grants defendant's motion (Doc. 26).

**I.    Factual Background**

Plaintiff is an African-American electrician. Plaintiff filed an amended complaint alleging that defendant's rejection of his applications for employment from December 2006 through 2008 was a result of race discrimination and retaliation for a complaint plaintiff had filed against defendant.

As set out in the parties' summary judgment motions, the following facts are uncontested. In March 2004, plaintiff applied online for a position as a locomotive diesel electrician in defendant's Kansas City, Missouri, maintenance shop. He attended a hiring session in late April, where he and eleven other applicants were interviewed. Of these applicants, defendant was the only African-American; all of the others were Caucasian males. Despite meeting the qualifications set out in defendant's description of the position, plaintiff did not receive a job offer. Defendant identified plaintiff as an "alternate," but extended offers of employment to five of the Caucasian applicants, at least one of whom, according to plaintiff, lacked the minimum qualifications set out in defendant's description of the position. Plaintiff filed a charge of discrimination with the Human Relations Department of Kansas City, Missouri, Charge No. E05-001 28CA500002; and with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 28C-2007-00076.

Over the course of two years, from December 2006 through November 2008, plaintiff applied online for similar positions with defendant at various locations throughout the country. He was not hired. Moreover, plaintiff asserts that no African-Americans have been hired for diesel electrician positions at defendant's Kansas City, Missouri, maintenance shop between late April 2004 and the time this action was filed.

**II.    Standards**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).

While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988).

### III. Discussion

Aside from minor discrepancies, there is no material dispute as to the facts underlying this action. According to plaintiff, the facts set out above establish that plaintiff's race, as well as the discrimination complaint he filed against defendant, were determining factors in his being refused employment. On this basis, he seeks summary judgment on his claims of race discrimination and retaliation in violation of § 1981 and Title VII. Indeed, his motion for summary judgment contains only his statements of uncontroverted fact, including his conclusions regarding the merits of his claim.

Defendant argues that it is entitled to summary judgment because, to the extent plaintiff's claims are not barred by collateral estoppel or res judicata, plaintiff fails to establish a prima facie case of discrimination, and/or cannot rebut defendant's legitimate bases for its hiring decisions. Based on the uncontroverted facts, this court agrees with defendant.

#### A. Collateral Estoppel/Res Judicata

Defendant argues that plaintiff is barred from relitigating claims that he raised or could have raised in a prior lawsuit between the parties filed by plaintiff in the United States District Court for the Western District of Missouri, Case No. 07-CV-W-0453-DGK, which resulted in an adjudication on the merits against plaintiff.

-3-

### 1. Western District of Missouri Case

In that case, plaintiff Michael McKinzy originally filed a pro se complaint claiming that defendant Union Pacific discriminated against him when it failed to hire him for an electrician position in Kansas City, Missouri, in June 2006. Plaintiff, through counsel, filed an amended complaint bringing claims for race discrimination and retaliation under 42 U.S.C. § 1981 and § 2000e, *et seq.* (Title VII), as well as violation of Missouri public policy. The undisputed underlying facts involved the March 2004 failure of defendant to hire plaintiff after his interview—resulting in the EEOC charge. Plaintiff also alleged discrimination for defendant's failure to hire plaintiff despite his multiple online applications for various positions in 2006, including the June 2006 application for an electrician position in Kansas City, Missouri.

On defendant's motion for summary judgment, Judge Greg Kays found the following material facts to be uncontroverted: Defendant's policy is that an application remains active for six months after the applicant applies for a position; regarding the June 2006 application, defendant never had an opening for a locomotive electrician before plaintiff's application expired; after December 2006, plaintiff submitted twelve additional online applications for employment seeking a similar position in a number of states; five of the twelve additional applications submitted by plaintiff expired before a position ever became available. The remaining seven of plaintiff's applications proceeded through defendant's online application process, where prescreeners review all applications for completeness, as well as work history and experience. Defendant's prescreeners can screen applicants out of the hiring process based on sporadic work history, long periods of unemployment, incomplete applications, and falling below minimum standards because of lack of required work experience or criminal history. The applicants' race and gender information is not provided to the prescreeners. The Union Pacific employee who prescreened plaintiff's 2006

-4-

applications was unaware of any applicants' race or gender, and focused only on the applications and qualifications for each position. *See McKinzy v. Union Pac. RR.*, Case No. 4:07-cv-00453-DGK (W.D. Mo. Aug. 7, 2008).

Based on these facts, the court evaluated plaintiff's race discrimination and retaliation claims under the applicable *McDonnell Douglas* burden-shifting analysis.[1] As to the 2004 failure to hire, the court concluded that, even drawing all reasonable inferences in plaintiff's favor, plaintiff had offered no evidence that defendant acted in a racially discriminatory manner by failing to hire plaintiff in 2004. As to the 2006 hiring decisions, the court concluded that, even if plaintiff had established a prima facie case of race discrimination, he had failed to show that defendant's legitimate nondiscriminatory reasons for not hiring him were pretextual. Furthermore, he failed to support his retaliation claim because he was unable to establish a causal link between his earlier EEOC charge and his rejection. Finding no genuine issue of material fact, the court granted defendant's motion for summary judgment.

In the instant case, defendant suggests that, to the extent they were raised or could have been raised in the Western District of Missouri action, plaintiff's claims here are barred.

Although the doctrines of res judicata and collateral estoppel operate in slightly different manners, both are based on the principle that final earlier judgments must be advanced and adhered to by subsequent courts. *Augustine v. Adams*, 88 F. Supp. 2d 1166, 1170 (D. Kan. 2000). Under res judicata, commonly referred to as claim preclusion, a final judgment on the merits precludes the parties or their privies from relitigating any claims that were or could have been raised in that action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under collateral estoppel, also known as issue preclusion, a court's decision on an issue of fact or law that is necessary to its judgment precludes

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

relitigation of the same issue in a different cause of action between the same parties. *See Montana v. United States*, 440 U.S. 147, 153 (1979). This court analyzes the question under federal law. *Augustine*, 88 F. Supp. 2d at 1170.

For the doctrine of res judicata to apply, the following three conditions must be satisfied: (1) a final judgment on the merits must have been made in the prior action; (2) the parties must be identical or in privity; and (3) the suit must be based on the same cause of action. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)). Based on defendant's uncontested facts, the parties in this action are identical to those in the prior action and the present lawsuit is based on the same causes of action as the previous one—race discrimination and retaliation under Title VII and § 1981 based on defendant Union Pacific's failure to hire plaintiff in March 2004 and on multiple occasions in 2006. Res judicata would apply not only the hiring decisions actually challenged in that action, but also those claims that could have been raised up until the date the action was filed. Furthermore, the Western District of Missouri's order granting summary judgment in favor of the defendant constitutes a "final judgment on the merits."[2] Plaintiff had a full and fair opportunity to—and did—oppose the motion for summary judgment in the Western District of Missouri case. Finding no genuine issue of material fact, the court entered judgment for defendant on the merits.

For collateral estoppel to apply, the following conditions must be satisfied: (1) the issue previously decided must be identical with the one presented in the current action; (2) the party against whom the doctrine is invoked must have been a party or in privity with a party to the prior action; (3) the party against whom the doctrine is raised must have had a full and fair opportunity to

---

[2] The fact that plaintiff's appeal of the prior decision to the Eighth Circuit is not yet resolved does not alter its preclusive effect. *See Ruyle v. Cont'l Oil Co.*, 44 F.3d 837, 846 (10th Cir. 1994).

litigate the issue in the prior action; and (4) the prior action must have been finally adjudicated on the merits. *See Murdock v. Ute Indian Tribe*, 975 F.2d 683, 687 (10th Cir. 1992) (citing *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992)) (quoting *In re Lombard*, 739 F.2d 499, 502 (10th Cir. 1984)). Based on defendant's uncontested facts and this court's review of the record and the prior judgment, the issues are identical; plaintiff was a party to the prior action; plaintiff had a full and fair opportunity to litigate the issues in that action; and Judge Kays's August 7, 2008 Order Granting Motion for Summary Judgment constituted a final adjudication on the merits.

This court concludes that application of either doctrine bars plaintiffs claims. Such application will relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *See Allen*, 449 U.S. at 94. Plaintiff has had a full and fair opportunity to challenge Union Pacific's failure to hire him at any time prior to February 6, 2008 when he filed his amended petition in the Western District of Missouri action. He may not relitigate those hiring decisions here. The court now turns to hiring decisions challenged in this case that were not subject to the prior lawsuit.

### B. Discrimination Claims

As in this case, where direct evidence of discrimination is absent, race discrimination claims are to be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Under the burden-shifting of *McDonnell Douglas*, the plaintiff must initially establish a prima facie case of discrimination. 411 U.S. at 802. Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decisions. 411 U.S. at 802–03; *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). If the defendant does so, then the burden reverts to the plaintiff "to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged

action is pretextual *i.e.*, unworthy of belief." *Marx v. Schnuck Mkts, Inc.*, 76 F.3d 324, 327 (10th Cir. 1996).

A prima facie case is a flexible standard, adjusted to fit "the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). The elements remain the same whether that case is brought under §§ 1981 or 1983 or Title VII. *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (quotations omitted). To make out a prima facie case of race discrimination in failure to hire, plaintiff must demonstrate (1) he was a member of a protected class; (2) plaintiff was qualified for the position; (3) he suffered an adverse employment action (*e.g.*, he was rejected); and (4) the plaintiff was treated less favorably than others (*e.g.*, the position at issue remained open after the adverse employment action). *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977 (1988); *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2000).

Even if plaintiff were able to establish a prima facie case, plaintiff fails to controvert defendant's proffered explanation for the challenged action. Defendant asserts that it rejected many applications from plaintiff at the prescreening stage—without access to race information—due to large unexplained gaps in his employment history, including one period of unemployment lasting ten years. Plaintiff fails to challenge defendant's proffered reasons for its employment decisions. The court finds that defendant is entitled to judgment as a matter of law on plaintiff's discrimination claim.

### C.     Retaliation Claims

Title VII makes it unlawful for an employer to discriminate against an employee for "oppos[ing] any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). To successfully invoke this anti-retaliatory provision, plaintiff "must establish that

-8-

retaliation played a part in the employment decision," *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008), by relying "on the familiar three-part *McDonnell Douglas* framework to prove that the employer's proffered reason for its decision is a pretext for retaliation." *Id*. at 1225 (quotation omitted).

To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Fye*, 516 F.3d at 1227. In his motion for summary judgment, as in his complaint, plaintiff details nearly eighty unsuccessful applications for employment he made to defendant between December 4, 2006 through November 6, 2008. Plaintiff then alleges that he was denied employment with defendant in retaliation for having filed previous charges of discrimination against it, presumably arising out of the March 2004 interview and plaintiff's subsequent EEOC charge.

Plaintiff has failed to meet his burden to prove a prima facie case of retaliation. His mere assertion that there was a causal connection between defendant's failure to hire him and his prior complaint is insufficient. Even if he could establish a prima facie claim, plaintiff fails to controvert defendant's proffered explanation for the challenged action. Defendant asserts that plaintiff's online applications were primarily rejected at the prescreening stage by screeners who did not have access to information on plaintiff's race or prior complaints. Defendant alleges that other of plaintiff's applications simply expired; defendant cancelled the position; or defendant hired an applicant before it had the opportunity to review plaintiff's application. Because plaintiff fails to offer any evidence that would suggest retaliation, defendant is entitled to summary judgment on plaintiff's claims.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that defendant's Cross Motion for Summary Judgment (Doc. 26) is granted.

**IT IS FURTHER ORDERED** that plaintiff's claims are dismissed.

Dated this 16th day of April 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
